UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:20-cv-00099-LLK

DEENA GALE JACKSON-ADAMS                                                              PLAINTIFF

v.

ANDREW SAUL, Acting Commissioner of Social Security                                   DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Social Security disability benefits. The fact and law summaries of Plaintiff and the Commissioner are at Docket Number ("DN") 17 and DN 22. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 11].

Plaintiff's primary argument is that, in finding the opinion of her treating psychiatrist, John Sallee, M.D., regarding her mental limitations to be unpersuasive, the Administrative Law Judge ("ALJ") did not "discuss," conduct a "meaningful analysis," or otherwise "appropriately address the factors of supportability and consistency required under [the new rules for evaluating medical opinions at] § 404.1520c." [DN 17 at 13-14].

Because the argument is unpersuasive and the ALJ's decision was supported by substantial evidence, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

### The ALJ's decision

The ALJ found that Plaintiff has no vocationally significant physical limitation and that her anxiety and depression result in the following mental limitations:

> [Plaintiff] could perform simple, routine, repetitive work tasks, meaning tasks which apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form, with the ability to deal with problems involving several concrete variables in or from standardized situations (consistent with a GED level of 3). She could occasionally interact with supervisors and co-workers. She cannot maintain sustained interaction with the general public.

1

> She should not work in a fast paced or quota based work. She could do entry level or goal oriented work.

[Administrative Record, DN 10-2 at 20].

The ALJ found that Plaintiff is not disabled based on acceptance of vocational testimony that an individual with the above mental limitations could perform the jobs of light office helper, photocopier, and mailroom clerk. *Id.* at 27.

In determining Plaintiff's mental limitations, the ALJ considered the opinions of the Commissioner's one-time examining source, the Commissioner's non-examining program psychologists, and Plaintiff's treat psychiatrist.

In October 2017, Plaintiff was examined at the request of the Commissioner by Sarah Kerrick, Psy.D. [DN 10-10 at 724]. Dr. Kerrick opined the following marked limitations:

> 2. [Plaintiff's] ability to carry out simple instructions; carry out detailed instructions; and perform at a consistent/reasonable pace without interruption from psychological symptoms appears to be affected by these symptoms to a marked degree while confronted with a panic attack or when confronted with the public. However, in the absence of panic symptoms, her ability to carry out detailed instructions and perform at a reasonable pace is mildly affected by her symptoms.
>
> 3. Her ability to interact with the public, supervisors, and co-workers; and accept criticism from supervisors appears to be affected by these symptoms to a marked degree.
>
> 4. Her ability to respond to changes/stress/pressures in a work environment appears to be affected by these symptoms to a marked degree.

[DN 10-10 at 729]. The parties do not dispute that acceptance of Dr. Kerrick's opinion of several marked limitations would require an ultimate finding of disability. The ALJ found Dr. Kerrick's opinion to be unpersuasive in light of the medical and nonmedical evidence as a whole:

> The undersigned is not persuaded with this opinion. The claimant's depression comes and goes and is manageable with medication as reflected in her treatment. The claimant has reported having anxiety and that she has panic attacks when she is around other people. However, it is evident that the claimant has a moderate limitation in interacting with others. The claimant has anxiety regarding her court case and facing charges for failure to pay child support. However, despite these anxious concerns, the claimant functions independently, as she lives alone, manages her own affairs, goes to birthday parties, sees her children, and gets together with her boyfriend.

*Id.* at 24.

In November 2017, the Commissioner's non-examining program psychologist, Nick Watters, Psy.D., assessed Plaintiff's mental limitations in light of Dr. Kerrick's opinion and the record as a whole. [DN 10-3 at 71]. In February 2018, on reconsideration, program psychologist Tony Gonzalez, Psy.D., reaffirmed Dr. Watters' opinion. *Id.* at 103. The ALJ stated that she was "persuaded by these opinions" of Drs. Watters and Gonzalez, except that the ALJ found moderate as opposed to no limitation in understanding, remembering, or applying information and found no as opposed to mild limitation in adapting and managing herself. [DN 10-2 at 23].

In June 2018, Plaintiff's treating psychiatrist, John Sallee, M.D., completed the standard mental assessment form, finding, among other things, that Plaintiff is markedly limited in her abilities to: 1) Work in coordination with proximity to others without being distracted by them; 2) Complete a normal workday and work week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; 3) Accept instructions and respond appropriately to criticism from others; 4) Get along with coworkers or peers without distracting them or inhibiting behavioral extremes. [DN 10-12 at 888-89]. The parties do not dispute that acceptance of Dr. Sallee's opinion of these four marked limitations would require an ultimate finding of disability.

The ALJ found Dr. Sallee's opinion to be unpersuasive in light of the medical and nonmedical evidence as a whole:

> The undersigned is not persuaded with this opinion [from Dr. Sallee], as it is inconsistent with the medical records of evidence. … The claimant has had infrequent therapeutic treatment for her mental health. She has complained of having anxiety and fears about being around other people. However, the claimant attends birthday parties, takes her children to the fair, and has meetings with her boyfriend. Moreover, the claimant lives alone, is independent, and manages her own affairs.

[DN 10-2 at 25].

**New legal standards apply to this Court's evaluation of Plaintiff's claim.**

As a threshold matter, this Court must determine the standard that applied to the ALJ's weighing of medical opinions from treating physicians such as Dr. Sallee.

Plaintiff filed her applications for benefits in August 2017. [DN 10-2 at 15]. Therefore, the old rules for weighing medical opinions at 20 C.F.R. §§ 404.1527 and 416.927 do **not** apply. *Compare* 20 C.F.R. § 404.1527(c)(2) (2020) ("For claims filed before March 27, 2017, the rules in this section apply."), with 20 C.F.R. § 404.1520c (2020) ("For claims filed on or after March 27, 2017, the rules in this section apply.").

The old rules for weighing medical opinions are codified at Section 404.1527(c)(2), and collectively they are sometimes referred to as the "treating physician" rule:

> Generally, we [the Social Security Administration, including ALJs] give more weight to medical opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's medical opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's medical opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the medical opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion.

20 C.F.R. § 404.1527(c)(2).

Under the new rules, "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) ..., including those from your medical sources." 20 C.F.R. § 404.1520c(a). Instead, ALJs will now evaluate the "persuasiveness" of medical opinions in light of by five factors listed in paragraphs (c)(1) through (c)(5). The five factors are supportability, consistency, relationship with the claimant, specialization, and other factors. "The factors of supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section) are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions or prior administrative medical findings to be." 20 C.F.R. § 404.1520c(b)(2). *Id.* "Therefore, we will explain how

we considered the supportability and consistency factors for a medical source's medical opinions ... in your determination or decision." *Id.* "We may, but are not required to, explain how we considered the factors in paragraphs (c)(3) through (c)(5) of this section, as appropriate, when we articulate how we consider medical opinions ... in your case record." *Id.*

In this case, the old rules for weighing medical opinions did not apply; therefore, the ALJ was not required to give Dr. Sallee's opinion "controlling weight." 20 C.F.R. § 404.1527(c)(2). Nor was the ALJ required to give particularly "good reasons" in her written decision for the weight given to Dr. Sallee's opinion. *Id.*

**The ALJ's finding that Dr. Sallee's opinion was unpersuasive
comported with applicable legal standards.**

As noted at the outset of this Opinion, Plaintiff's primary argument is that, in finding the opinion of her treating psychiatrist, John Sallee, M.D., to be unpersuasive, the ALJ did not "discuss," conduct a "meaningful analysis," or otherwise "appropriately address the factors of supportability and consistency required under [the new rules for evaluating medical opinions] § 404.1520c." [DN 17 at 13-14].

The ALJ characterized Plaintiff's treatment with Dr. Sallee as "conservative treatment that consists of medication and a recommendation to engage in outpatient counseling." [DN 10-2 at 22]. The ALJ found Dr. Sallee's opinion to be unpersuasive in light of the medical and nonmedical evidence as a whole:

> The undersigned is not persuaded with this opinion, as it is inconsistent with the medical records of evidence. … The claimant has had infrequent therapeutic treatment for her mental health. She has complained of having anxiety and fears about being around other people. However, the claimant attends birthday parties, takes her children to the fair, and has meetings with her boyfriend. Moreover, the claimant lives alone, is independent, and manages her own affairs.

*Id.* at 25.

Plaintiff's argument is unpersuasive because she neither alleges nor shows that Dr. Sallee's opinion was fully supported by Dr. Sallee's own treatment notes[1] -- much less consistent with and

---

[1] Dr. Sallee's treatment notes are scattered throughout the administrative record at DN 10-8 at 509-15, DN 10-10 at 748-63, DN 10-14 at 969-90, and perhaps other locations.

5

supported by the medical and nonmedical evidence as a whole.  In other words, even if the Court were to remand this case to the Commissioner for a new decision (as Plaintiff urges) to "address the factors of supportability and consistency," [DN 17 at 14], there is no reasonable likelihood of a Plaintiff-favorable decision.  "No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507 (6th Cir. 2006).

Plaintiff notes that, on the mental assessment form, Dr. Sallee stated that Plaintiff "will struggle with being in public and interacting with other individuals as a result of severe anxiety including elements of social anxiety, as well as depression at times"  [DN 17 at 14 quoting DN 10-12 at 889].  But ALJs are not "bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation."  *Hizer v. Comm'r*, No. 20-1797, 2021 WL 1614827, at *3 (6th Cir. Apr. 26, 2021).

Plaintiff attempts to re-introduce (through prior caselaw decided when it was on surer footing) the "treating physician" rule, which this Opinion has already explained does not apply in this case:

> Dr. Sallee is [Plaintiff's] only treating psychiatrist. He is the one physician with the best understanding of her mental conditions. At the time of the hearing, [she] had treated with Dr. Sallee for 3 years. The longitudinal record shows that Dr. Sallee is the most equipped physician to give an opinion of [her] condition ….
>
> In *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646 (2011), the court reaffirmed the treating physician rule, holding that a treating physician opinion from a pain specialist regarding the claimant's work limitations was based upon objective medical evidence and should be given controlling weight.

[DN 17 at 15-16].

In summary, the ALJ's finding that Dr. Sallee's opinion was unpersuasive comported with applicable legal standards.

**Plaintiff's implicit reliance on *Kinsolving* is unpersuasive.**

The facts of this case are similar to but ultimately distinguishable from this Court's decision in *Kinsolving v. Comm'r*, No. 5:17-CV-00178-LLK, 2018 WL 4603156 (W.D. Ky. Sept. 25, 2018).[2]

Dr. Sallee treated Plaintiff and Kinsolving for psychological effects from past physical and sexual abuse and trauma, and Dr. Sallee completed the same mental assessment form in support of his clients' disability claims. In *Kinsolving*, this Court remanded the matter to the Commissioner for a new decision giving "good reasons," 20 C.F.R. § 404.1527(c)(2), for the weight given to Dr. Sallee's opinion. In addition, this Court identified an alternative basis for remand:

> Finally, even if the ALJ did not err in declining to give great or controlling weight to Dr. Sallee's opinion, in giving "little" weight to Dr. Muehleman's [the Commissioner's one-time examining source's] opinion and only "partial" weight to Dr. Thompson's [the Commissioner's program psychologist's] opinion …, the ALJ essentially rejected every medical opinion in the administrative record concerning what Plaintiff can still do despite his mental impairments and created and adopted her own medical opinion. The ALJ was unqualified to do this. *See Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 726 (6th Cir. 2013) (quoting *Nguyen v. Sec'y of Health & Human Services*, 172 F.3d 31, 35 (1st Cir. 1999) ) ("As a lay person, … the ALJ was simply not qualified to interpret raw medical data in functional terms").

*Kinsolving*, 2018 WL 4603156, at *3.

In the present case, in implicit reliance on *Kinsolving*, Plaintiff now argues:

> Finally, if argumentatively the ALJ did not err in giving no weight whatsoever to Dr. Sallee and Dr. Kerrick's opinions, by finding that the state agency opinions are persuasive, but not restricting enough, the ALJ is essentially rejecting every medical opinion in the administrative record concerning what [Plaintiff] can do despite her mental impairments and creating and adopting her own medical opinion. The ALJ was unqualified to do this. *See Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 726 (6th Cir. 2013) (quoting *Nguyen v. Sec'y of Health & Human Services*, 271 F.3d 31, 35 (1st Cir. 1999) ("As a lay person, … the ALJ was simply not qualified to interpret raw medical data in functional terms").

[DN 17 at 19].

Plaintiff's implicit reliance on *Kinsolving* is unpersuasive for three reasons.

First, *Kinsolving* considered the issue of whether the ALJ had crossed over the line into a prohibited interpreting of raw medical data in functional terms in the alternative, only after having

---

[2] Plaintiff's counsel also represented Kinsolving.

concluded that the ALJ's decision did not give "good reasons," 20 C.F.R. § 404.1527(c)(2), for the weight given to Dr. Sallee's opinion. As explained repeatedly, Section 1527(c)(2) does not apply in this case.

Second, the ALJ in this case departed from the opinion of the program psychologist less than the ALJ in *Kinsolving*. As indicated above, the only departure here was that the ALJ found moderate as opposed to no limitation in understanding, remembering, or applying information and found no as opposed to mild limitation in adapting and managing herself. [DN 10-2 at 23].

Third, Dr. Sallee found Plaintiff to be less limited than Kinsolving. Whereas Dr. Sallee found Plaintiff has four marked limitations, [DN 10-12 at 888-89], Dr. Sallee found Kinsolving has three extreme and six marked limitations. *Kinsolving*, 2018 WL 4603156, at *1.

**Order**

Because Plaintiff's primary argument is unpersuasive and the ALJ's decision was supported by substantial evidence, the Commissioner's final decision is hereby AFFIRMED, and Plaintiff's complaint is DISMISSED.

June 28, 2021

**Lanny King, Magistrate Judge
United States District Court**